## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LEEROSS BENAVIDEZ,

      Plaintiff,

      v.                                              Civ. No. 21-320 JHR/SCY

DORIS ANDRUS-MAXWELL
a/k/a DORIS MAXWELL,

      Defendant.

## ORDER GRANTING IN PART
## AND DENYING IN PART MOTION TO COMPEL

This matter comes before the Court on Defendant's Motion To Compel Plaintiff To Supplement Discovery Responses, filed August 13, 2021 (Doc. 26). Defendant Doris Andrus-Maxwell a/k/a Doris Maxwell moves to compel Plaintiff Leeross Benavidez to supplement his Initial Disclosures and his responses to Interrogatory Nos. 3 & 7, Request for Production Nos. 3, 4 & 6-9, and requests attorney's fees. For the reasons that follow, the Court grants the motion in part and denies it in part.

## Background

This matter arises from a Contract between the parties concerning real property located at 1434 Tierra Verde SW, Albuquerque, NM 87105. Doc. 16 at 1. Essentially, this was a rent-to-own contract wherein Plaintiff would make rental payments with the opportunity to buy the house at the end of the lease term. *Id.* at 2. The Contract provided that Plaintiff would pay a fee of $10,000 that would apply towards the eventual purchase of the house, but it was not refundable if the purchase did not happen. *Id.* at 3. Plaintiff was to pay rent of $2,500 per month and those payments would also be credited towards the purchase, and were also not refundable.

Finally, the Contract provided that "The Seller is relying upon the Buyer's ability to close with cash or a loan on or before the closing date stated in the Purchase Agreement. Should the Buyer be unable to purchase the Property within the time period specified, the parties may agree to extend the Settlement/Funding dates, convert this Agreement to a Rental/Lease Agreement only, or terminate this Agreement. If this Agreement is terminated, Buyer agrees to vacate the Property . . . ." *Id.*

The parties did not enter into a purchase agreement by the time specified in the Contract, October 1, 2020. *Id.* at 4. Plaintiff stopped paying rent that month, and vacated the property on May 31, 2021. *Id.*

### Discussion

A.      Initial Disclosures

After service of Plaintiff's Initial Disclosures, Defendant wrote Plaintiff on July 19, 2021 requesting he supplement the disclosure to address deficiencies. Doc. 26 at 20-21. Defendant asked Plaintiff to respond by July 26. *Id.* at 20. Plaintiff never responded to the letter. *Id.* at 4. Defendant filed the instant motion to compel on August 13. Doc. 26.

Plaintiff responds that Plaintiff sent the same information required in initial disclosures via discovery responses, served the same day (July 26, 2021). Doc. 33 at 1. Plaintiff states the same information was also provided via mediation statements. *Id.*

In reply, Defendant states that she served no discovery requests seeking a computation of damages, because Defendant expected to obtain this information via initial disclosures. Doc. 34 at 2. Defendant does not clarify whether Defendant has the information on computation of damages at this point or not. *Cf. id.*

The Court agrees with Defendant that a mediation statement is not a substitute for including the required information in initial disclosures. A mediation statement provided to the

referral judge is confidential and not to be used outside the purposes of settlement discussions. D.N.M.LR-Civ. 16.2. Thus, Defendant's ability to use this calculation of damages is limited. The Court therefore rejects Plaintiff's contention that he does not have to include the computation of damages in initial disclosures simply because Plaintiff also included this information in a mediation statement.

Plaintiff's next argument is that, although he did not provide this information as part of his initial disclosures, he did provide it—as part of his discovery answers served in response to Requests for Production or Interrogatories. Waiting until responding to written discovery requests to provide information that already should have been provided as part of Initial Disclosures violates Rule 26(a)(1)(A). Nonetheless, if Plaintiff had provided the information Defendant sought prior to Defendant filing his motion to compel, the Court would deny Defendant's motion to compel. Regardless of the label Plaintiff placed on the production ("response to request for production" as opposed to "initial disclosures"), the Court's primary concern is that Plaintiff provide to Defendant the information to which Defendant is entitled. And, if Plaintiff did, there would be nothing to compel. Unless Defendant was somehow prejudiced by the untimely disclosure, addressing such a motion to compel would be a waste of the Court's time and resources.

As Defendant points out, however, what Plaintiff provided in response to Defendant's written discovery might be different than what Rule 26(a)(1)(A)(iii) requires Plaintiff to provide. Defendant's written discovery sought the amount of money Plaintiff contends he paid Defendant. Plaintiff does not specify, however, that the damages he seeks are limited to recovering the amount of money he previously paid Defendant. Defendant correctly notes that "While Maxwell's Interrogatory No. 2 asks Plaintiff to identify all sums he contends he has paid to

Maxwell under the Contract, it does not seek a computation of Plaintiff's claimed damages."

Doc. 34 at 2 n.1. A review of Plaintiff's complaint indicates that the extent of damages Plaintiff

seeks does go beyond recovery of the amount of many he paid Defendant. Doc. 1 at 10

(requesting that the Court award "accidental, incidental, consequential, and punitive damages.").

Thus, the Court agrees that, because Plaintiff's claim of damages appears to go beyond what he

has previously paid Defendant, Plaintiff's responses to Defendant's written discovery requests do

not provide the calculation-of-damages information Plaintiff should have provided as part of his

Initial Disclosures. Therefore, Plaintiff is ordered to supplement his Initial Disclosures to provide

"a computation of each category of damages claimed by the disclosing party—who must also

make available for inspection and copying as under Rule 34 the documents or other evidentiary

material, unless privileged or protected from disclosure, on which each computation is based,

including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P.

26(a)(1)(A)(iii).

B.     Efforts to Obtain a Loan

Defendant moves to compel responses to discovery requests relevant to Plaintiff's ability

and efforts to obtain a conventional loan. Doc. 26 at 5-7. Defendant moves to compel responses

to the following:

- Interrogatory No. 3, seeking information related to purported efforts by Plaintiff to obtain a conventional loan prior to October 1, 2020;

- Request for Production Nos. 3 & 4, seeking documents and communications related to applications for residential conventional loans prior to October 1, 2020;

- Interrogatory No. 7, seeking information regarding prior legal actions to which Plaintiff has been a party; and

- Request for Production No. 9, seeking Plaintiff's tax returns for tax years 2016-2021.

Defendant argues these requests are relevant because the Contract provided that "The

Seller is relying upon the Buyer's ability to close with cash or a loan on or before the closing

date stated in the Purchase Agreement." Doc. 16 at 3. Defendant argues that Plaintiff's attempts

to secure a residential conventional loan are relevant to the breach of contract claim because

"Plaintiff was specifically required to seek and obtain such loan by the language of the

Contract." Doc. 26 at 6.

In response, Plaintiff argues that "whether or not Plaintiff obtained a conventional loan is

not material to Defendant's breach of the Contract claim." Doc. 33 at 2. Plaintiff admits that "the

Contract contain[s] the language" as quoted by Defendant. *Id.* But Plaintiff argues that "a review

of the Contract in its entirety, along with other evidence, makes it clear that Defendant was never

relying on Plaintiff's ability to close." *Id.* Plaintiff does not elaborate, cite any other provisions of

the Contract, or point to any "other evidence" in support of this argument.

The Contract is indisputably central to Plaintiff's claim. The Contract makes "the Buyer's

ability to close with cash or a loan" relevant. Plaintiff's argument that Defendant was not *in fact*

relying on Plaintiff's ability to get a loan is an argument for trial, not discovery production.

Although it is true that this information will become less relevant if the presiding judge

ultimately agrees with Plaintiff's argument, Plaintiff cannot presume at the discovery stage that

his argument will be successful. At this point, the information sought directly relates to a term in

the Contract and is therefore relevant. Because Plaintiff raises no other arguments, the Court will

grant the motion to compel supplemental responses to Interrogatory No. 3 and Request for

Production Nos. 3 & 4.

Defendant argues that Interrogatory No. 7, seeking information about legal actions to

which Plaintiff has been a party, is relevant to "Plaintiff's credit and payment history, issues

which bear directly upon Plaintiff's ability to obtain a conventional loan and his representations regarding the same." Doc. 26 at 6. In response, Plaintiff argues that "a legal action can include anything, and the scope was not limited." Doc. 33 at 3. In reply, rather than addressing whether this discovery request is overbroad, Defendant asserts that Plaintiff mischaracterizes her objection as based on relevancy rather than overbreadth. Doc. 34 at 3-4. The Court rejects Defendant's argument for two reasons. First, although the Court agrees that Plaintiff's objection is better characterized as "overbroad" than "irrelevant," the Court chooses to address the substance of Plaintiff's argument regardless of how he labeled it. Second, in considering whether discovery requested is proportional to the needs of the case, considerations of relevancy and overbreadth relate and so must often be considered together. The more relevant information sought is, the less likely the request is to be overbroad. Conversely, the broader the request, the less likely everything requested will be relevant.

The Court agrees with Plaintiff that although some legal actions might be relevant to Plaintiff's credit and payment history, many legal actions to which a person could be a party would be irrelevant to a person's credit and payment history. Moreover, the better measure of whether a legal action has affected a person's credit history is the person's credit history itself. Similarly, the better measure of a person's payment history is whether the person has ever missed any payments and, if so, which ones. In addition, it is Plaintiff's historical credit rating and payment history, as opposed to his present or future credit and payment history, that is relevant to "Plaintiff's ability to obtain a conventional loan and his representations regarding the same" during the time relevant to this lawsuit. Therefore, a past lawsuit that could have, but did not, affect Plaintiff's credit and payment history has little relevance to what is at issue in this case.

While there could be other justifications for requesting this information, Defendant does not discuss any in her briefing. The Court will not make arguments for Defendant. Based on the parties' briefing in this case, the Court rejects Defendant's arguments based on relevancy. Therefore, the Court denies Defendant's Motion to Compel as it relates to Interrogatory 7.

Regarding Defendant's request for tax returns in Request for Production No. 9, however, the Court agrees with Defendant. Plaintiff's financial information, and representations about his financial position, are relevant to the contractual requirement that he obtain a loan. Defendant is entitled to obtain this information as it bears on potential defenses Defendant might have to Plaintiff's breach of contract claim. Plaintiff argues "[t]ax returns are not necessarily required to obtain a conventional loan." Doc. 33 at 3. That is, Plaintiff's argument is that *some lenders* might not require tax returns as a prerequisite to approving a loan application. More relevant to the question of whether *any lender* would give Plaintiff a loan, however, is whether some lenders would require such information. Because most lenders likely would require Plaintiff's tax returns as a prerequisite to approving any loan application he made, Plaintiff's argument is unavailing. Further, even if no lender required Plaintiff's tax returns, evidence of Plaintiff's income is still relevant to Plaintiff's ability to obtain a conventional loan and to Plaintiff's representations about his ability to do so. Accordingly, the Court grants Defendant's motion to compel a response to Request for Production No. 9.

C.      Correspondence

Defendant moves to compel responses to Request for Production Nos. 6-8, which seek communications between Plaintiff and other individuals regarding issues relevant to the litigation. Doc. 26 at 7. Defendant represents that, after the parties conferred, Plaintiff served his supplemental responses stating only "documents attached," and produced some communications. *Id*. Plaintiff did not withdraw his objections or indicate whether any documents were withheld.

When asked to clarify, Plaintiff offered no response. *Id.* Defendant notes that "despite each request specifically seeking production of the attachments to all communications, many of the emails produced by Plaintiff reference attachments which were not produced." *Id.*

In response, Plaintiff states: "All of the responsive documents were provided in Plaintiff's August 5, 2021 supplemental responses. All of the attachments were provided August 5, 2021 as well." Doc. 33 at 3. Defendant disputes this in reply. Defendant points out that she attached documents as Exhibit F to the motion demonstrating there were emails produced with exhibits missing. Doc. 26 at 29-31.

Given Plaintiff's representation that he has already provided all information in his possession or control responsive to Request for Production Nos. 6-8, there is nothing for this Court to compel Plaintiff to provide. As a result, the Court denies Defendant's motion to compel as it relates to Request for Production Nos. 6-8. The Court agrees with Defendant, however, that the documents Plaintiff claims he does not possess are documents one would expect Plaintiff to possess. Therefore, for each missing attachment, the Court orders Plaintiff to explain to Defendant why Plaintiff had the email but cannot retrieve the attachment.

        D.       <u>Attorney's Fees</u>

Defendant requests her fees in bringing this motion. Rule 37 provides that, "If the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Because the Court denied the motion in part, it exercises its discretion not to award fees for the motion.

### Conclusion

The Court GRANTS IN PART Defendant's Motion To Compel Plaintiff To Supplement Discovery Responses (Doc. 26). Within 21 days of the date of this Order, Plaintiff shall supplement his Initial Disclosures with a computation of damages, and supplement his discovery

responses to provide complete answers to Interrogatory No. 3 and Request for Production Nos. 3, 4 & 9. With respect to Request for Production Nos. 6-8, for each missing attachment, the Court orders Plaintiff to explain to Defendant why Plaintiff had the email but cannot retrieve the attachment.

Defendant's request for attorney's fees is denied.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE