**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**LEEROSS BENAVIDEZ,**

      **Plaintiff,**

v.                                                        **No. 1:21-cv-0320-JHR/SCY**

**DORIS ANDRUS-MAXWELL
a/k/a DORIS MAXWELL,**

      **Defendant.**

## ORDER OF DISMISSAL FOR FAILURE TO SUBSTITUTE PARTY

This matter was initiated in New Mexico's Second Judicial District Court as a suit by Plaintiff LeeRoss Benavidez against Defendant Doris Maxwell for breach of contact and breach of the implied covenant of good faith and fair dealing regarding a lease-purchase contract for real property owned by Defendant. *See* [Doc. 1] (*Notice of Removal, Exhibit A-Complaint*). The case was removed to federal court on April 9, 2021. *Id.*

On September 19, 2022, Defendant's attorney filed a *Notice of Suggestion of Death* suggesting that Defendant died on or about April 14, 2022. [Doc. 52]. On October 19, 2022, the Court entered a text order stating in part:

> If Plaintiff's claims are not extinguished, Plaintiff shall file a motion for substitution in compliance with the requirements of Rule 25(a)(1) of the Federal Rules of Civil Procedure.  Plaintiff has ninety days from the date of service of the Notice (Doc. 52) to file the motion for substitution.

[Doc. 53 (text only)].

Rule 25(a)(1) states the substitution requirement to maintain claims that are not extinguished by a party's death:

1

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

The rule as drafted applies to the death of any party, whether plaintiff or defendant. There are recognized reasons, however, why a decedent's attorney would not be required to file the motion. Pertinent to this case, the death of a client generally terminates an attorney's authority to act on the decedent's behalf. *See Cheramie v. Orgeron*, 434 F.2d 721, 725 (5th Cir. 1970) (citing Restatement (Second) of Agency, 120 (1958)). Nor does the rule mandate that a party act affirmatively to assure that the opposing party can maintain their claims. *See id.*[1] Instead, the rule both allows and also requires that a party whose interests require the continuation of the case bear the burden of substituting a proper party for the decedent. *Id.*

Pursuant to the Court's order reciting the time limit in Rule 25(a)(1), [Doc. 53], Plaintiff was required to move to substitute a proper party by December 19, 2022.[2] No motion was filed by the deadline. Instead, Plaintiff Benavidez *pro se* filed a *Motion for Substitution of Party* on December 28, 2022, acknowledging its untimeliness and citing "[l]osing contact with my lawyer and the holiday rush." [Doc. 54, p. 1]. The motion does not identify a proper substitute party but instead erroneously asserts that "the Defendant needs to submit a Motion to substitute for the

---

[1] "[N]either estate nor heirs were parties and they were not required by the rule to act affirmatively to subject themselves to possible liability or to call to plaintiffs' attention that plaintiffs failed to act on the information they had of the fact of Rodriguez's death. Nor does the rule require of non-parties who are successors in interest to a decedent that they intervene in a case to seek dismissal as to the decedent. The structure of the rule obviates such an awkward procedure by mandating the court to enter the dismissal order." *Cheramie*, 434 F.2d at 725.

[2] December 18, 2022 was ninety days after the date of notice but was a Sunday and so the next open court day, December 19th, was Plaintiff's deadline.

2

proper party" and asks the Court to "cause Defendant to submit a Motion for Substitution of Proper Party." *Id.*  In short, Plaintiff made no showing of compliance with the Court's order.[3]

The Court thus finds: (1) that Defendant Doris Andrus-Maxwell a/k/a Doris Maxwell died; (2) that, subsequent to Defendant's death, notice of suggestion of her death was properly filed and served on Plaintiff on September 19, 2022; and (3) that Plaintiff failed to move to substitute a proper party for Defendant within ninety days of date of service of the notice.  The Court concludes that Plaintiff's claims, which sound in contract and would not have been extinguished by Defendant's death, must be dismissed pursuant to Fed. R. Civ. P. 25(a)(1).

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint be **DISMISSED** in its entirety.  A judgment of dismissal will be entered forthwith.

**IT IS SO ORDERED.**

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE

---

[3] On February 9, 2023, Plaintiff's attorney filed a *Motion to Allow Withdrawal from Representation* citing as grounds a mutual desire to terminate the attorney-client relationship. [Doc. 56].